UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                      )
RONALD C. BUNKER               )
                                      )
          Plaintiff,              )
                                      )
              v.                   )         Civil Action No. 11-40214-TSH
                                      )
MICHAEL J. ASTRUE,        )
COMMISSIONER OF           )
SOCIAL SECURITY            )
                                      )
         Defendant.           )
_____)

REPORT AND RECOMMENDATION ON
MOTIONS TO DISMISS AND EXTEND TO TIME TO FILE

March 27, 2013

SOROKIN, C.M.J.

      The Commissioner of Social Security moves to dismiss this Complaint seeking review of his decision denying benefits to Plaintiff Ronald C. Bunker on the grounds that the Complaint was not timely filed. Docket # 9.

      The relevant facts and law are as follows. On August 25, 2011, the Appeals Council rendered the final decision of the Commissioner denying benefits. On that same day, the Commissioner sent notice of the decision both to the Bunker and to his representative, Attorney Testa. Docket #10-1 at 3, ¶ 3(a) (Jones Declaration). The relevant statute provides that Bunker may seek review of this decision by commencing a civil action "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). By regulation, the Commissioner has

1

established a rebuttable presumption of receipt after five days, thus providing a claimant with sixty-five days to file suit from the date the Commissioner mailed the notice (August 25, 2011 in this case).  20 C.F.R. §§ 404.901, 422.21(c).

Bunker attempts to rebut the presumption of receipt within the five day period by reporting that he was unaware of the decision until contacted by Attorney Testa and that the notice was not received by Attorney Testa until September 2, 2011 (as evidenced by the date stamp on the copy submitted by Attorney Testa).  See Docket #11-1 at 1.  Bunker does not specify the date on which he actually received notice from Attorney Testa.

Assuming (as the Parties appear to do) that the operative date is the date on which Bunker received notice (see McLaughlin v. Astrue, 2011 WL 5085011 at n. 1 (1st Cir. 2011) (per curiam) (proceeding on the same assumption, although without opining on the matter)), the most generous reading of the facts before the Court establishes receipt by Bunker on September 2, 2011 (i.e., the date upon which the attorney received notice from Social Security).[1]  There is no evidence establishing that Bunker received notice at a later time.  Nor does Bunker make any argument suggesting that the notice from the lawyer came at any time later than September 2, 2011.

With a receipt date of September 2, 2011, Bunker had sixty days within which to commence a civil action.  McLaughlin, 2011 WL 5085011 at *3 ("it seems clear that, under the regulation, once the presumption has been rebutted, a claimant has the full 60 days in which to file his or her complaint").  The extra five days provided under the regulation accounts for the

---

[1] This stands in contrast to McLaughlin, in which the Plaintiff submitted under oath an assertion as to the approximate time of receipt and stated why she believed receipt had not occurred earlier.  Bunker has not submitted any evidence as to when he actually received notice.

notice period; it has no application when the claimant establishes receipt of notice at a later time. Id.

The sixty-day period commencing on September 2, 2011 expired on November 1, 2011. (28 days in September, 31 days in October and 1 day in November equals 60 days). Although the Complaint bears the date of November 1, 2011, Attorney Testa filed the Complaint electronically with the court on November 10, 2011. See Docket # 1 (CM-ECF Receipt denoting filing and entry on November 10, 2011). Accordingly, the Complaint was not timely filed. Under the applicable law, the Court must dismiss the Complaint unless either a basis exists to extend the period in which to file, or equitable tolling applies.

Bunker requests relief from a possible dismissal by explaining (both in his opposition to the Motion to Dismiss and in a separate motion seeking an extension of time to file) that the November 10th filing resulted from confusion between Attorney Testa and his present counsel, Attorney Parks. Specifically, Attorney Parks explains that Attorney Testa had advised Bunker that Attorney Testa would not be filing the Complaint and referred the matter to Attorney Parks. Docket #11. Attorney Parks, in contrast, understood that Attorney Testa had filed the summons and Complaint. Id.

While the Court is sympathetic to the confusion that may have arisen between Bunker and his counsel, the law in this circuit is clear. A "lack of diligence bars the application of equitable tolling." McLaughlin, 2011 WL 5085011 at *3 (citing Donahue v. United States, 634 F.3d 615, 629 (1st Cir. 2011)). Thus, the Court may not toll the statute of limitations for this reason.

Bunker also invokes the Commissioner's Program Operations Manual System GN

03101.020 which describes the circumstances in which the Commissioner will invoke his statutory authority to extend the limitations period beyond the sixty days. But, Congress vested the authority to extend the time period in the Commissioner, not the Court. While these guidelines indicate that even requests filed <u>after</u> the expiration of the limitations period may establish the requisite good cause, nothing before the Court even suggests that Bunker has made such a request. Whether the Commissioner should exercise this authority, assuming that Bunker makes such a request, is a question for the Commissioner.

For the foregoing reasons, I RECOMMEND that the Court ALLOW the Motion to Dismiss (Docket #9) and DENY the Plaintiff's Motion to Extend Time to File (Docket #11) WITHOUT PREJUDICE TO CONSIDERATION BY THE COMMISSIONER.[2] In the event that Bunker provides evidence of such a request, I further recommend that the Court consider staying this case pending resolution of that request by the Commissioner so that, if the Commissioner allows it, the Plaintiff is not put to the burden of paying a second filing fee.

/s/ Leo T. Sorokin
United States Magistrate Judge

---

[2] The Parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. <u>See</u> Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. <u>See</u> <u>Keating v. Secretary of Health and Human Services</u>, 848 F.2d 271, 275 (1st Cir.1988); <u>United States v. Emiliano Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir.1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 604 (1st Cir.1980); <u>United States v. Vega</u>, 678 F.2d 376, 378-379 (1st Cir.1982); <u>Scott v. Schweiker</u>, 702 F.2d 13, 14 (1st Cir.1983); <u>see</u> also <u>Thomas v. Arn</u>, 474 U.S. 140, 145 (§1985).